UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PAULA M. LIVERGOOD,

      Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 1:14-cv-360-JVB-SLC

**OPINION AND ORDER**

Plaintiff Paula M. Livergood seeks judicial review of the Social Security Commissioner's decision denying her disability insurance benefits, and asks this Court to remand the case to the Commissioner. For the reasons below, the Court affirms the Commissioner's decision.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled on May 6, 2011, due to chemotherapy associated with treatment for colon cancer. (R. at 17.) Administrative Law Judge Kathleen H. Eiler held a hearing on May 15, 2013. (R. at 17.) On July 26, 2013, the ALJ found that Plaintiff suffered from a number of severe impairments, including degenerative disc disease with radiculitis and neuropathy, bladder dysfunction, headaches, mood disorder, social phobia, and a permanent colostomy. (R. at 20.) She also found that Plaintiff could not engage in any of her past gainful activity, which included work as a general laborer. (R. at 28–29.) But after evaluating Plaintiff's residual functional capacity (RFC) and consulting with a vocational expert, the ALJ concluded that Plaintiff was not disabled. (R. at 30.)

### B.     Standard of Review

The Court has authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). The Court will not re-weigh the evidence, decide questions of credibility, or substitute its judgment for the ALJ's. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). The Court will, however, ensure that the ALJ built a sufficiently "accurate and logical bridge" from evidence to conclusion that the court can provide meaningful judicial review. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

### C.     Disability Standard

To qualify for disability benefits, a claimant must suffer from a disability, which is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004). A "no" at any point other than step three means that the claimant is not disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A "yes" leads either to the next step or, on steps three and five, to a finding that the

claimant is disabled. *Id*. The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff argues that the ALJ should have: (1) given Plaintiff greater credibility, especially in view of her work history; (2) incorporated upper extremity limitations in the RFC assessment; and (3) awarded at least a closed period of disability based on Plaintiff's cancer treatment.

**(1)     *The ALJ was not patently wrong to discount Plaintiff's credibility***

ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). A court may only overturn the ALJ's credibility determination if it is patently wrong. *Id*. at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based it on specific findings and record evidence. *Id*.

Plaintiff raises two arguments regarding credibility.  First, Plaintiff argues that the ALJ should have given her testimony substantial credibility based on her excellent work history. (DE 19 at 24.) Plaintiff cites no Seventh Circuit precedent to support her position that the ALJ was required to do so.

In fact, Plaintiff's position has been repeatedly rejected by courts of this district: "there is no requirement to give 'substantial credibility' to a disability claimant with a good work record." *Meinen v. Colvin*, No. 1:14-CV-318, 2015 WL 6674853, at *4 (N.D. Ind. Oct. 30, 2015), quoting *Loveless v. Colvin,* No. 4:14-CV-36, 2015 WL 1608808, at *4 (N.D. Ind. Apr. 10, 2015). "Moreover, failing to directly mention Plaintiff's work history in the credibility determination

3

does not mean that the ALJ failed to consider it." *Kessler v. Colvin*, No. 1:14-CV-152, 2015 WL 4133068, at *2 (N.D. Ind. July 7, 2015). The ALJ need only "minimally articulate" the reasons for credibility judgments. *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992).

In this case, the ALJ did considerably more than minimally articulate her reasoning. She found that Plaintiff's claims regarding her degree of impairment repeatedly conflicted with other evidence, including medical evidence and Plaintiff's own testimony and behavior. (R. at 27–28.) Additionally, the ALJ addressed Plaintiff's work history elsewhere in the decision, so it was not ignored. (R. at 28–29.) Thus, Plaintiff has not shown that the ALJ's determination was patently wrong based on her work history.

Second, Plaintiff claims that the ALJ placed too much emphasis on Plaintiff's daily activities, failing to distinguish them sufficiently from the kind of demands imposed by full-time work. (DE 19 at 22–23.) But the ALJ considered Plaintiff's daily activities as one factor among many, all of which weighed against a finding of disability. In thus weighing Plaintiff's daily activities along with other evidence, the ALJ did exactly what the law required. As this Court previously observed in rejecting an identical argument:

> [T]he ALJ properly considered Plaintiff's daily activities in determining her credibility. The court in *Bjornson* criticized equating activities of daily living and activities in a full-time job because of the situational differences in those activities such as scheduling flexibility, available aid from others, and the standard at which work must be completed. *Bjornson v. Astrue,* 671 F.3d 640, 647 (7th Cir.2012). Notably, the court did not prohibit an ALJ from analyzing daily activities when determining credibility. In fact, SSR 96-7p and 20 C.F.R. 416.929(c) specify that an individual's daily activities are among the factors that an adjudicator *must* consider when making a credibility determination. SSR 96-7p (S.S.A.) (emphasis added).

*Kessler*, 2015 WL 4133068, at *3. Examining the record evidence, this Court finds nothing to distinguish this case from previous cases like *Kessler* in which this argument was rejected. It is not the Court's role to reweigh evidence.  Thus, even if the ALJ should not have weighed this

4

specific factor against Plaintiff, that mistake is not the kind of patent error that would be needed to reject the ALJ's conclusion. *See, e.g.*, *Vanover v. Colvin*, No. 15-1185, 2015 WL 7292990, at *4 (7th Cir. Nov. 19, 2015) (upholding ALJ's decision even where the ALJ should not have weighed claimant's limited daily activities against her).

Accordingly, because Plaintiff has not shown patent error, the Court affirms the ALJ's credibility determination.

**(2)**     ***The ALJ did not err not incorporating upper extremity limitations in the RFC***

Plaintiff has been diagnosed with neuropathy of the upper extremities related to her degenerative disc disease. Plaintiff argues that the ALJ should have incorporated her limitations due to upper extremity impairments into the RFC assessment. (DE 19 at 21.) But a diagnosis alone does not compel a finding of functional limitations or disability. *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998). And "[i]t is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004). Plaintiff presented no such evidence that could have supported upper extremity limitations. Apart from the diagnosis itself, the only evidence supporting functional limitations was Plaintiff's personal testimony, which the ALJ reasonably discounted. Hence, the ALJ was not wrong to omit these unproven limitations from the RFC.

**(3)**     ***The ALJ did not err in not finding a closed period of disability***

Plaintiff contends that the ALJ should have awarded at least a "period of disability" in view of her cancer treatment. (DE 19 at 20.) An award of temporary benefits can be granted if a claimant meets the Act's definition of "disability" for a time lasting 12 months or longer, even if she later recovers sufficient health to return to full-time work on a long term basis. Plaintiff bears

the burden of showing that she has been unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The inability to engage in any substantial gainful activity, and not merely the impairment itself, must last for at least twelve months. *Barnhart v. Walton,* 535 U.S. 212, 216–22 (2002); *see also Lambright v. Colvin*, No. 1:12-CV-138, 2013 WL 1403221, at *10 (N.D. Ind. Apr. 5, 2013) (addressing identical argument).

Plaintiff asks "on what plausible basis could the ALJ possibly have concluded there has been no period lasting 12 months or more in which she did not meet the definition of disability under the regulations?" (DE 19 at 19.) But "Plaintiff's own argument begs the question of when this 12-month period would be." *Boyanowski v. Colvin*, No. 1:14-CV-295 (N.D. Ind. Oct. 5, 2015).

During the relevant period, Plaintiff underwent cancer treatment including chemotherapy and surgery. Such treatment could certainly be disabling. But Plaintiff must show that it was actually disabling in her case, for a period of at least 12 months. Here, Plaintiff presented *no* medical evidence as to her functional capacity during or after the treatment period. Further, Plaintiff's course of chemotherapy lasted for ten months, so even if chemotherapy were automatically disabling it would not necessarily follow that Plaintiff was disabled for 12 months.

Plaintiff argues that the period of disability should extend at least until "the oncologist declared that there was no evidence of recurrent disease" in November 2012 (DE 19 at 20). But this again confuses diagnosis with disability. Plaintiff furnished no evidence to show that she was actually disabled during this or any other period.

Thus, in light of the ALJ's reasonable discounting of the credibility of Plaintiff's personal testimony, the ALJ reasonably concluded that Plaintiff had not shown any 12-month period of continual disability.

**E.     Conclusion**

The Court AFFIRMS the Commissioner's determination that Plaintiff is not disabled.

SO ORDERED on November 25, 2015.

        S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE